UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEDRO CABRERA RAMOS,

        Petitioner,

   v.                              Case No.:  2:26-cv-01320-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

        Respondents,

                                     /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Pedro Cabrera Ramos's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).  For the below reasons, the Court grants the petition.

Cabrera Ramos is a native of Cuba who was paroled into the United States on May 8, 1994, and later became a lawful permanent resident.  On July 6, 1999, he was convicted of driving under the influence causing serious bodily injury.  An immigration judge ordered Cabrera Ramos removed to Cuba on February 11, 2003.  Cabrera Ramos was in Immigration and Customs Enforcement ("ICE") custody until August 22, 2003, when ICE released him under an order of supervision.  The record reflects no other criminal history.

On October 30, 2025, Border Patrol agents arrested Cabrera Ramos during a traffic stop.  He has been in Immigration and Customs Enforcement

("ICE") custody since then.   Cabrera Ramos challenges the legality of his detention because removal is not reasonably foreseeable.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge Cabrera Ramos has been detained more than 180 days, so *Zadvydas*'s burden-shifting framework applies. Cabrera Ramos has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him to Cuba in 2003, and no change in circumstances makes removal more likely now. The burden thus shifts to the respondents. ICE claims it will attempt to remove Cabrera Ramos to Mexico, but it offers no reason to believe Mexico will accept him.

The Court finds no significant likelihood Cabrera Ramos will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Cabrera Ramos to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Pedro Cabrera Ramos's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Cabrera Ramos within 24 hours of this Order and give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 8, 2026.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies:  All Parties of Record